IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | |
|---|---|
| CATHAMAE REDDICK, | : |
| | : |
|         Plaintiff, | : |
| | : |
|    VS. | : |
| | :    7 : 12-CV-138 (HL) |
| CAROLYN W. COLVIN[1], | : |
| Acting Commissioner of Social Security, | : |
| | : |
|         Defendant. | : |

**RECOMMENDATION**

The Plaintiff filed this Social Security appeal on October 18, 2012, challenging the Commissioner's final decision denying her application for disability benefits, finding her not disabled within the meaning of the Social Security Act and Regulations. Jurisdiction arises under 42 U.S.C. § 405(g) and 42 U.S.C. § 1383(c). All administrative remedies have been exhausted.

**LEGAL STANDARDS**

In reviewing the final decision of the Commissioner, this court must evaluate both whether the Commissioner's decision is supported by substantial evidence and whether the Commissioner applied the correct legal standards to the evidence. *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983); *Boyd v. Heckler*, 704 F.2d 1207, 1209 (11th Cir. 1983). The Commissioner's factual findings are deemed conclusive if supported by substantial evidence, defined as more than a scintilla, such that a reasonable person would accept the evidence as adequate to support the conclusion at issue. *Cornelius v. Sullivan*, 936 F.2d 1143, 1145 (11th Cir. 1991); *Richardson v. Perales*, 402 U.S. 389, 401 (1971). In reviewing the ALJ's decision for support by substantial evidence, this court may not

---

[1] Carolyn W. Colvin became the Acting Commissioner of Social Security on February 14, 2013, and is substituted for former Commissioner Michael J. Astrue as Defendant herein. 42 U.S.C. § 405(g); Fed. R. Civ. P. 25(d)(1).

reweigh the evidence or substitute its judgment for that of the Commissioner. "Even if we find that the evidence preponderates against the [Commissioner's] decision, we must affirm if the decision is supported by substantial evidence." *Bloodsworth*, 703 F.2d at 1239. "In contrast, the [Commissioner's] conclusions of law are not presumed valid. . . . The [Commissioner's] failure to apply the correct law or to provide the reviewing court with sufficient reasoning for determining that the proper legal analysis has been conducted mandates reversal." *Cornelius*, 936 F.2d at 1145-1146.

Under the regulations, the Commissioner evaluates a disability claim by means of a five-step sequential evaluation process. 20 C.F.R. § 404.1520. In Step One, the Commissioner determines whether the claimant is working. In Step Two, the Commissioner determines whether a claimant suffers from a severe impairment which significantly limits his ability to carry out basic work activities. At Step Three, the Commissioner evaluates whether the claimant's impairment(s) meet or equal a listed impairment in Appendix 1 of Part 404 of the regulations. At Step Four, the Commissioner determines whether the claimant's residual functional capacity will allow a return to past relevant work. Finally, at Step Five, the Commissioner determines whether the claimant's residual functional capacity, age, education, and work experience allow an adjustment to other work.

*Administrative Proceedings*

Plaintiff initially filed an application for disability benefits in March 2010, with a protective filing date of February 26, 2010. (T – 151-154, 178). Her claim was denied initially and upon reconsideration. (T – 76, 82-83). A hearing was held before an ALJ on December 30, 2010. (T – 38-75). In a decision dated February 4, 2011, the ALJ determined that the Plaintiff was not disabled. (T – 18-37). The Appeals Council denied Plaintiff's request for review, making the February 2011 decision the final decision of the Commissioner. (T- 1-6). Plaintiff's date last insured for disability

benefits purposes was December 31, 2003.  (T – 21, 157).

*Statement of Facts and Evidence*

The Plaintiff was fifty-five (55) years of age at the time of the ALJ's February 2011 decision on her claim.  (T – 31).  She has an eleventh grade education and past relevant work experience as a sewing machine operator, deli worker, and short order cook.  (T –31).  Plaintiff asserts that she became disabled as of July 15, 1999 primarily due to diabetes, mental problems, a left knee injury, and arthritis related issues.  (T – 178-183).  At the hearing before the ALJ, the Plaintiff amended her disability onset date to June 13, 2002.  (T – 21, 45-46).  As determined by the ALJ, Plaintiff suffers from severe impairments in the form of diabetes mellitus, schizoaffective disorder, depression, general anxiety disorder, and arthritis of the left knee, status-post arthroscopy.  (T - 23).  In his February 2011 decision, the ALJ found that the Plaintiff had the residual functional capacity to perform light work with certain limitations.  (T – 26).  After relying on the Medical-Vocational Guidelines as a framework for decision making and the testimony of a vocational expert, the ALJ found that the Plaintiff was not disabled.  (T – 31-32).

## DISCUSSION

The Plaintiff contends that the ALJ erred in rejecting treating psychiatrist Dr. Fan's opinion.  Pursuant to 20 C.F.R. § 404.1527(e)(2), the Commissioner will "consider opinions from treating and examining sources on issues such as . . . your residual functional capacity . . . [although] the final responsibility for deciding these issues is reserved to the Commissioner."  "A statement by a medical source that you are 'disabled' or 'unable to work' does not mean that we will determine that you are disabled."  20 C.F.R. § 404.1527(e)(1).  Good cause to discount the opinion of a physician has been found to exist "where the doctor's opinion was not bolstered by the evidence, or

3

where the evidence supported a contrary finding.  We have also found good cause where the doctors' opinions were conclusory or inconsistent with their own medical records." *Lewis v. Callahan*, 125 F.3d 1436, 1440 (11th Cir. 1997) (internal citations omitted).  As the *Lewis* court noted, "[w]e are concerned here with the doctors' evaluations of [the plaintiff's] condition and the medical consequences thereof, not their opinions of the legal consequences of [her] condition." *Id.*

The record contains a Psychiatric Review Technique form statement dated December 14, 2010, in which Dr. Fan finds that the Plaintiff's mental conditions meet Listings 12.03 and 12.04.  (T – 852).  In notes dated December 14, 2010, Dr. Fan stated that the Plaintiff first presented to Georgia Pines for treatment in October 2000, when she was admitted to a mental facility and discharged one week later.  (T – 857).  Diagnosed with paranoid type schizophrenia in November 2000, Dr. Fan noted that the Plaintiff was at times unable to afford prescribed medications.  (T – 857, 858).  Dr. Fan stated that the Plaintiff was last seen in the Georgia Pines clinic on June 5, 2003, and that

> as of 2003, [she] was not able to maintain any type of gainful employment, if not from her physical problems, certainly from her behavioral problems.  She was depressed, experienced ongoing psychosis, paranoia, benign suicidal ideations, isolation, poor memory and focus, poor judgment, and limited insight.  Her multiple inpatient admissions and her decompensation in 2004 indicate that her schizoaffective disorder is chronic and debilitating as well as uncontrollable without ongoing access to effective medications.  She may be able to function, assuming access to medications, within a supportive employment environment that can provide structure, guidance, and insulation from the demands of gainful employment.  She certainly could not, as of 2004, function at any type of job without emotional decompensation and need for inpatient stabilization.  She was competent to handle her disability benefit in 2003.  However, this competency should be assessed as to her current ability.

(T – 858).

4

The Plaintiff maintains that Dr. Fan's opinion is entitled to controlling weight as it is supported by medically acceptable clinical techniques and is not contradicted by any other medical opinion in the record.

    The ALJ reviewed Dr. Fan's findings and opinions, and concluded that

> I also give little weight to the opinion of Dr. Eric Fan, D.O. Dr. Fan concluded that the claimant met listings 12.03 and 12.04. He also concluded that as of 2003, the claimant was "not able to maintain any type of gainful employment," and as of 2004, she could not function "at any type of job without emotional decompensation and need for inpatient stabilization". One problem with Dr. Fan's assessment is that it appears he concluded the claimant was disabled after her date last insured. For the purpose of Title II benefits, however, the claimant must establish disability before her date last insured. Furthermore, this assessment was not completed at the time of her treatment at Georgia Pines in 2002 and 2003, and instead was completed recently in December 2010. I also note that he is not a psychologist, and he does not explain his conclusion that the claimant has had one or two episodes of decompensation. In fact, his treatment notes do not support his opinion from December 2010. He also indicated that the claimant had poor abilities understanding and remembering detailed instructions, carrying out detailed instructions, maintaining attention and concentration for extended periods, performing activities within a schedule, maintaining regular attendance, being punctual, working with or near others without being distracted by them, completing a normal workday or workweek, performing at a consistent pace, interacting appropriately with the public, accepting instructions and responding appropriately to changes in a work setting, traveling in unfamiliar places or using public transportation, and setting realistic goals or making plans independently of others. In addition to the medical records from Southwestern State Hospital and Georgia Pines, some of these factors have been taken into consideration in developing the mental limitations in the residual functional capacity noted above.

T – 30.

    A review of the opinions issued by Dr. Fan, his treatment notes and the ALJ's decision

herein reveals that the ALJ's decision to discount Dr. Fan's opinion to the extent that it dictated a finding of disability is supported by substantial evidence.   The ALJ properly considered Dr. Fan's statements and assessments, as evidenced by the ALJ's decision, although the ALJ assigned only little weight to Dr. Fan's 2010 assessment.   Dr. Fan's opinion is largely conclusory, concluding that Plaintiff was disabled, and relies on information already in the record before the ALJ.   Such decisions regarding disability are ultimately reserved to the Commissioner.   20 C.F.R. § 404.1527(d)(1); *Lewis*, 125 F.3d at 1436.   As noted by the ALJ, Dr. Fan's opinion does not clearly define when the Plaintiff was believed to have become disabled, whether before or after her date last insured of December 31, 2003.   Moreover, Dr. Fan does not specify how Plaintiff's impairments met or equaled the specified listings.   Finally, Dr. Fan, who issued his statement of disability in 2010, had last seen the Plaintiff in December 2002, with Plaintiff's last visit at the Georgia Pines clinic on June 5, 2003, and Plaintiff's treatment notes for the period prior to her date last insured show that Plaintiff's impairments stabilized when she took her medications, and that Plaintiff sought the ending of her treatment apparently at her husband's request.   (T –312, 334, 367).

## *Conclusion*

Inasmuch as the Commissioner's final decision in this matter is supported by substantial evidence and was reached through a proper application of the legal standards, it is the recommendation of the undersigned that the Commissioner's decision be **AFFIRMED** pursuant to Sentence Four of § 405(g).

Pursuant to 28 U.S.C. § 636(b)(1), the parties may file written objections to this Recommendation with the Honorable Hugh Lawson, United States District Judge, WITHIN

FOURTEEN (14) DAYS after being served with a copy of this Recommendation.

**SO RECOMMENDED**, this 24th day of January, 2014.

              s/ *THOMAS Q. LANGSTAFF*

              **UNITED STATES MAGISTRATE JUDGE**